UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-58 & 17-78 |
| CHRISTOPHER SIMMS | SECTION "L" |

## ORDER & REASONS

Before the Court are Defendant Christopher Simms' two motions pursuant to 18 U.S.C. 3582: (1) Motion to Reconsider/Downward Variance and Plea Agreement Because of Ineffectiveness of Counsel, Case No. 16-58, R. Doc. 75 and Case No. 17-78, R. Doc. 37; and (2) Motion for Modification of Sentence and Reconsideration of 3 Point Reduction and for Appointment of Counsel, Case No. 16-58, R. Doc. 77 and Case No. 17-78, R. Doc. 39. Having considered Defendant Simms' memoranda and applicable law, the Court now rules as follows.

On June 14, 2017, the United States filed a Superseding Bill of Information in Case No. 16-58, charging that Defendant Christopher Simms committed bank robbery, violations of the Hobbs Act, and violations of federal firearms laws. R. Doc. 40. On June 22, 2017, Defendant Simms pleaded guilty to counts one through nine of the Superseding Bill of Information. R. Docs. 41, 60 at 1. On October 19, 2017, Defendant was sentenced to the following term of imprisonment: 140 months as to Counts 1 and 3–9, to be served concurrently, and 84 months as to Count 2, to be served consecutively, for a total term of imprisonment of 224 months. R. Doc. 60 at 2. This sentence was to run concurrently with the sentence imposed in Case No. 17-78. R. Doc. 60 at 2. Defendant was also sentenced to a term of supervised release upon release from imprisonment and assessed criminal monetary penalties. R. Doc. 60 at 3, 5. In Case No. 17-78, Defendant Simms had

1

been indicted for bank robbery in the Southern District of Alabama on March 31, 2016. R. Doc. 9 at 1. Because Defendant Simms indicated he wished to plead guilty to the bank robbery charged in Alabama and resolve that case along with his pending charges in the Eastern District of Louisiana, R. Doc. 9 at 1–2, the Alabama case was transferred to the Eastern District of Louisiana, R. Doc. 10. On October 19, 2017, the Court entered Judgment as to Defendant Simms, in which Defendant pleaded guilty to count one of the indictment for bank robbery. R. Doc. 24 at 1. The Court sentenced Defendant to 140 months imprisonment to run concurrently with the sentence imposed in Case No. 16-58, a supervised release term of three years, and assessed criminal monetary penalties. R. Doc. 24 at 2–3, 6.

On February 4, 2019, Defendant filed the first of two motions under 18 U.S.C. 3582, requesting a reconsideration of the denial of a downward variance and the acceptance of his plea agreement because of ineffectiveness of counsel. Case No. 16-58, R. Doc. 75 and Case No. 17-78, R. Doc. 37. On March 4, 2019, Defendant filed the second of two motions under 18 U.S.C. 3582, requesting a reduction of sentence and reconsideration for a three-point reduction, and for appointment of counsel. Case No. 16-58, R. Doc. 77 and Case No. 17-78, R. Doc. 39. In the first motion, Defendant argues his attorney violated attorney-client confidentiality, and he tries to explain why he was found with a firearm while in pretrial detention. Case No. 16-58, R. Doc. 75 at 2–5 and Case No. 17-78, R. Doc. 37 at 2–5. The government concluded that Defendant's possession of the firearm in pretrial detention made Defendant ineligible for a three-point downward reduction in the offense level for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1, as Defendant did not voluntarily withdraw from criminal conduct. *See* U.S.S.G. § 3E1.1, Application Note 1. In the second motion, Defendant again argues he should

have been eligible for the three-point downward reduction in offense level for acceptance of responsibility. Case No. 16-58, R. Doc. 77 at 1 and Case No. 17-78, R. Doc. 39 at 1.

Under 18 U.S.C. 3582(c), the Court may not modify a term of imprisonment once it has been imposed except:

> (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>         (i) extraordinary and compelling reasons warrant such a reduction; or
>         (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ;
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>     (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . . .

18 U.S.C. § 3582.

Defendant's main argument is that he should be eligible for a reduction in sentence under 18 U.S.C. 3582 because he was denied a three-point downward reduction in offense level for acceptance of responsibility. Case No. 16-58, R. Docs. 75, 77 and Case No. 17-78, R. Docs. 37, 39. But under 18 U.S.C. 3582(c), the Court may only modify a term of imprisonment for one of the three reasons listed. Here, § 3582(c)(1)(A) is not applicable because the Director of the Bureau of Prisons has not filed a motion and Defendant Simms has not demonstrated that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

3

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A). Moreover, § 3582(c)(1)(B) is not applicable because Defendant does not demonstrate a reduction of sentence in this case is expressly permitted by statute nor does he show the requirements under Rule 35 of the Federal Rules of Criminal Procedure to modify an imposed term of imprisonment are met. Finally, § 3582(c)(2) does not apply here because Defendant does not allege his term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).

On Defendant's request for appointment of counsel, because the Court concludes Defendant has not demonstrated he meets any of the factors required to bring a claim under § 3582(c), the Court finds the request for appointment of counsel to be moot. Accordingly;

**IT IS ORDERED** that Defendant's Motions pursuant to 18 U.S.C. 3582, Case. No. 16-58, R. Docs. 75, 77 and Case No. 17-78, R. Docs. 37, 39 are hereby **DENIED.**

**IT IS FURTHER ORDERED** that insofar as Defendant moves for appointment of counsel, the motions are hereby **DENIED WITHOUT PREJUDICE AS MOOT.**

New Orleans, Louisiana, this 19th day of July, 2019.

                                                  UNITED STATES DISTRICT JUDGE